UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY O'LAUGHLIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:18-CV-1552 NCC |
| THE BOEING COMPANY, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of inmate Timothy O'Laughlin for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.32. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that plaintiff will be required to show cause why this action should not be dismissed due to plaintiff's failure to properly exhaust his administrative remedies in this ADA action.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $31.61. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.32.

## Background

Plaintiff, an inmate at Springfield Medical Center for Federal Prisoners in Springfield, Missouri, brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101,12111, against The Boeing Company, Dan Schell and Bob McDaniels. Plaintiff asserts that beginning in August of 2010, defendants discriminated against him in violation of the ADA by terminating his employment due to his perceived mental disabilities.

An ADA plaintiff must first exhaust administrative remedies by filing a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *see also Wilson v. Brinker Int'l, Inc.*, 382 F.3d 765, 769 (8th Cir.2004); *Harris v. P.A.M. Transp., Inc.,* 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim).

The complaint alleges that the discrimination occurred starting in August of 2000 when plaintiff was terminated. However, plaintiff states that he did not file a charge of discrimination with the EEOC until October of 2010. Assuming the allegations in favor of plaintiff, the charge of discrimination was filed almost nine years outside the permissible 300-day period.

Therefore, plaintiff's ADA claims appear to be time-barred by 42 U.S.C. § 2000e-5(e)(1) and subject to dismissal for failure to timely exhaust his administrative remedies. Plaintiff will be directed to show cause why his case should not be dismissed as time-barred.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $6.32 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Order, plaintiff shall show cause why his action should not be dismissed as time-barred.

---

[1] Moreover, title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101, 12111. Although the Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA, it has held that Title II of the ADA, which prohibits discrimination on the basis of disability by public entities, does not permit individual liability. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). *See also Dinkins v. Correctional Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014). In regard to Title I of the ADA, the Eighth Circuit observed that "three [Circuits] have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." *Alsbrook*, 184 F.3d at 1005 n.8. Moreover, this Court has repeatedly held that individuals are not liable under the ADA. *See Favaloro v. BJC Healthcare*, No. 4:14CV284 CAS, 2015 WL 6531867, at *4 (E.D. Mo. Oct. 28, 2015); *Wilson v. Duckett Truck Ctr.*, No. 1:12CV85 SNLJ, 2013 WL 384717, at *2 (E.D. Mo. Jan. 31, 2013); *Jones v. City of St. Louis,* No. 4:12CV831 JCH, 2012 WL 5351744, *2 (E.D. Mo. Oct. 30, 2012). Thus, it does not appear that the individual defendants, Dan Schell and Bob McDaniels, can be held liable for ADA discrimination in the termination of plaintiff's employment.

3

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 15th day of October, 2018.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE