# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY O'LAUGHLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1552 NCC |
| | ) |
| THE BOEING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's response to the Court's October 15, 2018 Order to Show Cause why this action should not be dismissed due to plaintiff's failure to properly exhaust his administrative remedies in this action brought pursuant to the Americans with Disabilities Act ("ADA"). After reviewing plaintiff's response in its entirety, the Court will dismiss this action.

### Background

Plaintiff, an inmate at Springfield Medical Center for Federal Prisoners in Springfield, Missouri, brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, 12111, against The Boeing Company, Dan Schell and Bob McDaniels. Plaintiff asserts that beginning in August of 2000, defendants discriminated against him in violation of the ADA by terminating his employment due to his perceived mental disabilities.

An ADA plaintiff must first exhaust administrative remedies by filing a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1); *see also Wilson v. Brinker Int'l, Inc.*, 382 F.3d 765, 769 (8th Cir.2004); *Harris v. P.A.M. Transp., Inc.*, 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative

remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim).

The complaint alleges that the discrimination occurred starting in August of 2000 when plaintiff was terminated. However, plaintiff states that he did not file a charge of discrimination with the EEOC until October of 2010. Assuming the allegations in favor of plaintiff, the charge of discrimination was filed almost nine years outside the permissible 300-day period. Therefore, plaintiff's ADA claims appear to be time-barred by 42 U.S.C. § 2000e-5(e)(1) and subject to dismissal for failure to timely exhaust his administrative remedies.[1]

Plaintiff was directed to show cause on October 15, 2018 as to why this action should not be dismissed due to his failure to timely exhaust his administrative remedies. On October 26, 2018, plaintiff responded to the Court's Order.

**Discussion**

In his response to the Order to Show Cause, plaintiff asserts that he believes his action is timely because the discrimination is "ongoing." Plaintiff refers to his ongoing criminal case in

---

[1] Moreover, title I of the ADA prohibits employers from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101, 12111. Although the Eighth Circuit has not addressed whether individuals may be liable under Title I of the ADA, it has held that Title II of the ADA, which prohibits discrimination on the basis of disability by public entities, does not permit individual liability. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). *See also Dinkins v. Correctional Med. Servs.*, 743 F.3d 633, 634 (8th Cir. 2014). In regard to Title I of the ADA, the Eighth Circuit observed that "three [Circuits] have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." *Alsbrook*, 184 F.3d at 1005 n.8. Moreover, this Court has repeatedly held that individuals are not liable under the ADA. *See Favaloro v. BJC Healthcare*, No. 4:14CV284 CAS, 2015 WL 6531867, at *4 (E.D. Mo. Oct. 28, 2015); *Wilson v. Duckett Truck Ctr.*, No. 1:12CV85 SNLJ, 2013 WL 384717, at *2 (E.D. Mo. Jan. 31, 2013); *Jones v. City of St. Louis,* No. 4:12CV831 JCH, 2012 WL 5351744, *2 (E.D. Mo. Oct. 30, 2012). Thus, it does not appear that the individual defendants, Dan Schell and Bob McDaniels, can be held liable for ADA discrimination in the termination of plaintiff's employment.

this Court where he has been charged with threatening The Boeing Company through interstate commerce by placing a threatening telephone call to their State of Illinois office on or about December 6, 2011. *See United States v. O'Laughlin*, No. 4:12CR181 CDP (E.D.Mo.). Plaintiff then asserts that the FBI "has one EEOC complaint in their evidence room."

Despite plaintiff's assertions, he has not indicated that he filed his EEOC complaint against defendants within 300 days of the alleged discriminatory act. Moreover, he stated under oath in his complaint that his charge of discrimination was not filed with the EEOC until October of 2010, which was more than nine years after he was terminated from The Boeing Company. Thus, his ADA action against defendants is untimely and subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** for failure to timely exhaust administrative remedies under the Americans with Disabilities Act.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of November, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE