UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY O'LAUGHLIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1552 NCC |
| ) | |
| THE BOEING COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for reconsideration of the dismissal of his employment discrimination lawsuit. After reviewing the grounds raised by plaintiff, the Court will decline to alter or amend the judgment of this Court. The Court concludes that plaintiff's motion fails to point to any manifest errors of law or fact, or any newly discovered evidence.

For example, plaintiff has still failed to produce a timely filed charge of discrimination in this action, stating instead that although he filed a timely charge, it was "lost in a fire." This directly contradicts his sworn testimony in his complaint that although he was terminated by The Boeing Company in August of 2000, he did not file a charge of discrimination with the EEOC until October of 2010, over nine years later. Therefore, plaintiff's filing was way outside the 300-day time period required by 42 U.S.C. § 2000e-5(e)(1) and his case is subject to dismissal for failure to timely exhaust his administrative remedies.[1]

---

[1] The Court notes that although plaintiff has additionally checked the box on his complaint that he is suing The Boing Company under the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq.*, for employment discrimination on the basis of a disability" by an employer which constitutes a program or activity receiving federal financial assistance, plaintiff has failed to timely exhaust his administrative remedies under the Rehabilitation Act. Moreover, there is no indication that The Boing Company's employment arm, or the specific program under which plaintiff was employed at Boeing in 2000, receives federal financial assistance. The ban on

Plaintiff's motion for relief can be said to merely revisit old arguments, which this Court has previously addressed. Plaintiff is therefore not entitled to reconsideration of the dismissal of this action, and his motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of his employment discrimination action [Doc. #12] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

**IT IS FURTHER ORDERED** that to the extent plaintiff wishes to bring arguments relative to his competency and his request for conditional or unconditional release from confinement, he must file a separate habeas action in the United States District Court for the Western District of Missouri.

Dated this 16th day of November, 2018.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

discrimination under the Rehabilitation Act is limited to specific programs or activities receiving federal financial assistance. *See, e.g., Gore v. GTE South, Inc,* 917 F.Supp 1564 (M.D.Ala 1996) (Rehabilitation Act was inapplicable to former telephone operator's claim of handicap discrimination where it was undisputed that employment as telephone operator was in no respect a program or activity receiving federal financial assistance.); *Shotz v. American Airlines, Inc.,* 323 F.Supp.2d 1315 (S.D. Fl. 2004), affirmed 420 F.33d 1332 (11th Cir. 2005) (Private entity's receipt of federal funds pursuant to Essential Air Service program does not trigger applicability of Rehabilitation Act to all operations of entity, if entity receives such funds only for that specific and limited purpose.). Because plaintiff has not properly alleged that the program under which he was employed at The Boeing Company, and not just the entire company in general, received financial assistance from the Federal Government, plaintiff cannot establish a claim under the Rehabilitation Act.

2